IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTIONETTE KING, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-2973 |
| | § | |
| KENNETH S. APFEL, Commissioner | § | |
| of Social Security Administration, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The plaintiff has moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The plaintiff seeks fees in the amount of $2,800.00, for 17.5 hours of work at the rate of $160.00 per hour. The defendant does not dispute that the plaintiff is a prevailing party entitled to recover fees. The only issue is whether it is appropriate to use 2008 rates for work performed in 2000 and 2007. The defendant asserts that because the fees are for 13.8 hours of work performed in 2000 and 0.5 hours of work performed in 2007, the plaintiff is only entitled to $2,451.16, at an hourly rate of $134.70 for work done in 2000 and an hourly rate of $160.59 for work done in 2007. The disputed amount is approximately $350.

The Equal Access to Justice Act empowers district courts to award attorney's fees to parties who prevail in litigation against the United States. Under 28 U.S.C. § 2412(d)(1)(A), attorney's fees, costs, and expenses are to be awarded to a prevailing party opposing the

government unless the position of the United States was substantially justified or special circumstances make an award unjust.[1]  While the statute makes an award of attorney's fees mandatory absent special circumstances or a showing that the position of the United States was substantially justified, Section 2412(d)(2)(A)(ii) directs that attorney's fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)(ii) (2000).

The plaintiff is entitled to an award of attorney's fees, expenses, and costs of court absent special circumstances or a showing that the position of the United States was substantially justified. No special circumstances appear in this case and the defendant has not offered any proof or argument suggesting that the position of the United States was substantially justified.  Indeed, the defendant agrees that the plaintiff is entitled to fees.  The defendant also agrees that the attorney time submitted by the plaintiff is reasonable.  The plaintiff seeks an award for attorney time at a rate exceeding the $125 per hour statutory maximum.  The court must determine whether an increase in the cost of living or another special factor justifies a higher fee.

The Consumer Price Index report compiled and published by the U.S. Bureau of Labor Statistics is routinely recognized as proof of cost of living increases that justify

---

[1] The statute states:"[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A) (2000).

awarding attorney's fees in excess of the $125 maximum statutory rate. *See Sandoval v. Apfel,* 86 F. Supp 2d 601, 614 n.23 (N.D. Tex. 2000) (awarding attorney's fee at $131.25 per hour); *Beck v. Commissioner*, No. 1:05-CV-116, 2006 WL 4756448, at *2–3 (E.D. Tex. Mar. 15, 2006) (awarding attorney's fees at $152.40 per hour). When awarding excess compensation, courts generally compare the CPI index for the region where services were performed as it existed when the statutory maximum hourly rate was first established with that index as it exists when professional legal services were provided. If the comparison reflects an increase over the base rate, the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase. Typically, excess-fee applicants calculate requested fees by using the 1996 annual CPI index as the base factor (mathematically the "divisor" or "denominator") and the annual CPI index for the year in which professional services were rendered as the comparison factor (mathematically, the "dividend" or "numerator"). The quotient derived from dividing the comparison factor by the base factor is then multiplied by $125 to produce an hourly rate adjusted for cost of living increases. *Allsbury v. Barnhart*, 473 F.Supp.2d 732, 733–35 (E.D. Tex. 2007).

In this case, the plaintiff is entitled to recover fees at the rates calculated using the CPI index for the years in which the services were rendered. That amounts to $2,451.16. The plaintiff is awarded that amount in attorney's fees.

SIGNED on June 6, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge